**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case 0:21cv62288**

QUICKLOOK, INC.,

      Plaintiff/Counter-Defendant,

v.

GLENN A. NAPPI,

      Defendant/Counter-Plaintiff,

v.

DANIEL O'NEAL,

      Third-Party Defendant

_____/

**DEFENDANT'S ANSWER,
AFFIRMATIVE DEFENSES, DEMAND FOR JURY TRIAL, COUNTERCLAIM,
AND THIRD-PARTY COMPLAINT**

      Defendant, Glenn A. Nappi ("Nappi"), through undersigned counsel, hereby files his

Answer, Affirmative Defenses, and Demand for Jury Trial to Plaintiff's, Quickook, Inc.

("Quicklook") Complaint [D.E. 1], and in support thereof states as follows:

**PARTIES**

      1.     Nappi is without knowledge and therefore denies the allegations in Paragraph 1.

      2.     Admitted.

**JURISDICTION AND VENUE**

      3.     Admitted that the Complaint [D.E. 1] purports to allege claims for violations of the

Florida Uniform Trade Secrets Act, Computer Fraud and Abuse Act, and Computer Abuse and

Data Recovery Act. Nappi denies Paragraph 1 insofar as Quicklook alleges or implies liability

against Nappi and/or that Quicklook is entitled to any relief from Nappi, and/or that Quicklook has any valid claim against Nappi.

4.      Admitted for jurisdictional purposes only.

5.      Admitted for jurisdictional purposes only.

6.      Admitted for jurisdictional purposes only.

7.      Admitted for jurisdictional purposes only.

## FACTUAL BACKGROUND

8.      Denied.

9.      Nappi is without sufficient knowledge as to the allegations contained in Paragraph 9 and therefore denies the allegations of Paragraph 9.

10.      Paragraph 10 calls for a legal conclusion; therefore, no response by Nappi is required. To the extent a response is required, denied.

11.      Denied.

12.      Admitted.

13.      Admitted that Nappi provided independent contractor services to SGK Development, Inc.  Nappi is without sufficient knowledge as to the remaining allegations contained in Paragraph 13 and therefore denies the remaining allegations of Paragraph 13.

14.      Denied.

15.      Denied.

16.      Nappi is without sufficient knowledge and therefore denies the allegations in Paragraph 16.

17.      Denied.

18.      Denied.

19.      Denied.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

20.     Denied to the extent Paragraph 20 implies that Nappi provided computer programing services for the Quicklook Application and the UQvideo Application through SGK; Nappi directly provided computer programming services to co-author each the QuickLook Application and the UQvideo Application. Nappi is without sufficient knowledge as to the remaining allegations contained in Paragraph 20 and therefore denies the remaining allegations in Paragraph 20.

21.     Denied.

22.     Admitted.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Paragraph 26 calls for a legal conclusion; therefore, no response is required. To the extent a response is required, Nappi is without sufficient knowledge and therefore denies the allegations in Paragraph 26.

27.     Nappi is without sufficient knowledge and therefore denies the allegations in Paragraph 27.

28.     Paragraph 28 calls for a legal conclusion; therefore, no response is required. To the extent a response is required, Nappi is without sufficient knowledge and therefore denies the allegations in Paragraph 28.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Exhibit 1, which is attached and incorporated into to the Complaint speaks for itself. Nappi denies all remaining allegations in Paragraph 38.

39.     Denied.

40.     Admitted only that SGK ceased engaging Nappi for computer programming services on or about May 31, 2021 for the purpose of developing the HPCI Litigation Program, but Nappi denies any inference contained in Paragraph 40 that the ceased computer programing services stated above in this response to Paragraph 40 had any relation in any way to the subject matter of Quicklook's Complaint.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

## COUNT I
### Violation of Florida Uniform Trade Secrets Act
### (Fla. Stat. 688.001, *et. seq.*)

48.  Nappi realleges Paragraphs 1 through 47 above and incorporate them by reference as if fully set forth herein.

49.  Paragraph 49 calls for a legal conclusion; therefore, no response by Nappi is required. To the extent a response is required, denied

50.  Denied.

51.  Denied.

52.  Denied.

53.  Denied.

54.  Denied.

55.  Denied.

56.  Denied.

57.  Denied.

58.  Denied.

59.  Denied.

60.  Denied.

61.  Denied.

### PRAYER FOR RELIEF

In response to Quicklook's Prayer for Relief, Nappi denies that Quicklook is entitled to any of the relief sought or any other relief in this action. Nappi denies all factual allegations, if any, contained in the Prayer for Relief and denies any wrongdoing. Further, pursuant to Section 688.005, Florida Statutes, Nappi respectfully requests this honorable Court award Nappi his reasonable attorneys'

fees and costs in connection with the defense of Quicklook's misappropriation claim which was, and is, brought in bad faith against Nappi, and grant such further relief as the Court may deem just and proper.

## COUNT II

### Violation of Defend Trade Secrets Act
### (18 U.S.C. § 1832, *et. seq.*)

62.     Nappi realleges Paragraphs 1 through 47 above and incorporate them by reference as if fully set forth herein.

63.     Paragraph 63 calls for a legal conclusion; therefore, no response by Nappi is required. To the extent a response is required, denied

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

PRAYER FOR RELIEF

In response to Quicklook's Prayer for Relief, Nappi denies that Quicklook is entitled to any of the relief sought or any other relief in this action. Nappi denies all factual allegations, if any, contained in the Prayer for Relief and denies any wrongdoing. Further, pursuant to 18 U.S.C. § 1836, Nappi respectfully requests this honorable Court award Nappi his reasonable attorneys' fees and costs in connection with the defense of Quicklook's misappropriation claim which was, and is, brought in bad faith against Nappi, and grant such further relief as the Court may deem just and proper.

## COUNT III
### Violation of Computer Fraud and Abuse Act
### (18 U.S.C. § 1030)

76.     Nappi realleges Paragraphs 1 through 47 above and incorporate them by reference as if fully set forth herein.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING · 9150 SOUTH DADELAND BOULEVARD · SUITE 1400 · P.O. BOX 569015 · MIAMI, FLORIDA 33256 · (305) 350-5300 · (305) 373-2294 FAX

PRAYER FOR RELIEF

In response to Quicklook's Prayer for Relief, Nappi denies that Quicklook is entitled to any of the relief sought or any other relief in this action. Nappi denies all factual allegations, if any, contained in the Prayer for Relief and denies any wrongdoing.

## COUNT IV
## Violation of Florida Computer Abuse and Data Recovery Act
### (Fla. Stat. § 668.801, et seq)

87.    Nappi realleges Paragraphs 1 through 47 above and incorporate them by reference as if fully set forth herein.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

PRAYER FOR RELIEF

In response to Quicklook's Prayer for Relief, Nappi denies that Quicklook is entitled to any of the relief sought or any other relief in this action. Nappi denies all factual allegations, if any, contained in the Prayer for Relief and denies any wrongdoing.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

## JURY DEMAND

Defendant Nappi demands a jury trial on all claims so triable

## AFFIRMATIVE DEFENSES

Without shifting the burden of proof where it otherwise rests with Quicklook, Nappi asserts the following Affirmative and Other Defenses:

### First Affirmative Defense

Quicklook's Complaint fails to state claims against Nappi upon which relief can be granted with respect to all of the claims in the Complaint.

### Second Affirmative Defense

Quicklook's claims against Nappi based on alleged misappropriation of trade secrets fail because Quicklook has failed to identify any specific legally protected trade secrets or confidential information.

### Third Affirmative Defense

Quicklook's claims against Nappi fail, in whole or in part, because any information accessed, viewed, used, or transferred by him contained no confidential, proprietary, or trade secret information belonging to Quicklook.

### Fourth Affirmative Defense

Quicklook's claims against Nappi fail, in whole or in part, because any information accessed, viewed, used, or transferred by Nappi was well known in the computer programming industry.

### Fifth Affirmative Defense

Quicklook's claims against Nappi fail, in whole or in part, because Quicklook has not exercised reasonable or sufficient efforts to maintain the secrecy of any information alleged in the Complaint.

### Sixth Affirmative Defense

Quicklook's claims against Nappi are barred because Quicklook has suffered no harm, irreparable or otherwise, and because Quicklook cannot establish any damages.

### Seventh Affirmative Defense

Quicklook's claims against Nappi are barred by the doctrines of in pari delicto, unclean hands, waiver, laches, and estoppel.

### Eighth Affirmative Defense

Nappi acted in good faith and did not directly or indirectly perform any acts that would constitute a violation of any rights of Quicklook or any duty owed to Quicklook.

### Ninth Affirmative Defense

Quicklook's Counts III and IV against Nappi fail because Nappi did not access any protected computers.

### Tenth Affirmative Defense

Quicklook's Counts III and IV against Nappi fail because Nappi did not engage in any conduct related to Quicklook's computers without having Quicklook's authorization or in excess of his authority.

### Eleventh Affirmative Defense

Quicklook's Counts III and IV against Nappi fail because Nappi did not act knowingly or intentionally.

### Twelfth Affirmative Defense

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Quicklook's Counts III and IV against Nappi fail because Quicklook has not suffered any loss, including the incursion of reasonable costs, in excess of $5,000.

### Thirteenth Affirmative Defense

Quicklook may not recover on the claims pleaded in the Complaint because all or parts of the damages sought are too speculative and remote.

### Fourteenth Affirmative Defense

Quicklook's claims are barred, in whole or in part, by the doctrines of estoppel, ratification, acquiescence, laches, consent, and/or waiver.

### Fifteenth Affirmative Defense

Quicklook's claims for relief are barred, in whole or in part, by the doctrine of unclean hands. Thus, Quicklook has no right to injunctive relief.

### Sixteenth Affirmative Defense

Quicklook's claims fail because Quicklook failed to show that the data that Nappi took was protected by any technological access barrier.

### Seventeenth Affirmative Defense

Quicklook is not entitled to any recovery, attorneys' fees or costs arising from any of its causes of action because Quicklook have not suffered any damages.

### Eighteenth Affirmative Defense

Plaintiff is not entitled to injunctive relief because Quicklook has an adequate remedy at law. Further, Quicklook's claims for injunctive relief are barred because Quicklook cannot show that it will suffer irreparable harm.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

**Nineteenth Affirmative Defense**

Quicklook's claims against Nappi fail because at all times Nappi acted in accordance with an agreement with Daniel O'Neal for the creation of computer programs.

**RESERVATION OF ADDITIONAL DEFENSES**

Nappi reserves the right to assert additional defenses in the event that discovery or other analyses indicate that additional defenses are appropriate.

**COUNTERLCAIM AND THIRD-PARTY COMPLAINT**

Counter-Plaintiff Glenn Nappi ("Nappi") hereby countersues Quicklook, Inc. ("Quicklook"), and hereby sues Daniel O'Neal ("O'Neal").  In support of this Counterclaim and Third-Party Complaint, Nappi states as follows:

**Introduction**

1)      This is an action brought under federal copyright law seeking a declaratory judgment that Plaintiff Nappi is a co-author and co-owner of computer programs, which Defendant Quicklook claims sole ownership over (the "Joint Works"), and that Nappi is entitled to receive a royalty and accounting for the exploitation of the Joint Works. Further, Nappi brings an action for unjust enrichment to receive pay for the computer programming services that Nappi provided based on a promise that Nappi would equally share in the profits arising from the proceeds of computer programs he helped create.

2)      Indeed, based on allegations made by Quicklook, Quicklook has appropriated at least two Joint Works, which Nappi co-authored and co-owns the copyrights therein. [*See* D.E. 1, at ¶¶ 17, 18]. A copy of the Complaint is attached hereto as **Exhibit A**.

3)      One of the Joint Works appropriated by Quicklook is the computer program titled *QuickLook* (the "First Appropriated Program").  The second of the Joint Works appropriated by

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Quicklook is the computer program titled *UQvideo* (the "Second Appropriated Program") (collectively, the "First Appropriated Program" and the "Second Appropriated Program" are referred to herein as the "Appropriated Computer Programs").

4)    Quicklook is passing off the Appropriated Computer Programs as the solely owned works of Quicklook and is not accounting to Nappi as co-author and co-owner of the Appropriated Computer Programs.

5)    Instead, the Joint Works, including the Appropriated Computer Programs, were co-authored and co-created by Nappi during the time when Nappi and O'Neal co-authored and co-created the computer programs (together, as part of a four-person team of computer developers). Indeed, the team of computer developers each equally own 25% of the Joint Works as co-authors and co-owners in the copyrights to the Joint Works.

6)    Nevertheless, by filing a lawsuit against Nappi claiming exclusive ownership in the copyrights, Quicklook has expressly repudiated Nappi's co-authorship and co-ownership in the copyrights to the Appropriated Computer Programs and is not accounting to Nappi for his 25% share of the copyrights in the Appropriated Computer Programs.

7)    Quicklook's failure to recognize Nappi's co-authorship and co-ownership of the Appropriated Computer Programs, and to account to Nappi, has violated 17 U.S.C. § 101 et seq (collectively, the "Copyright Act").

8)    Further, despite agreeing to compensate Nappi an equal share in all computer programs that he helped create, the Defendants refuse to compensate Nappi for the services he provided in creating the computer program titled *Our Virtual Office*. By Nappi co-authoring the Joint Works and creating *Our Virtual Office* without any pay, Nappi unjustly enriched the

Defendants at the expense of Nappi; and the Defendants have caused Nappi extensive and irreparable harm, including but not limited to, loss of revenue.

## The Parties

9)      Nappi is an individual and a resident of Palm Beach County, Florida.

10)     As alleged in Quicklook's Complaint, Quicklook is a Delaware corporation with its principal place of business in Broward County, Florida.

11)     Upon information and belief, Daniel O'Neal is a resident of Broward County, Florida, has an address of 1351 W Terra Mar Drive, Pompano Beach FL 33062, and is otherwise *sui juris.*

## Jurisdiction and Venue

12)     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because Nappi seeks declaratory judgment concerning questions of federal law arising under the U.S. Copyright Act, 17 U.S.C. § 101 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

13)     This Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1367 as they are so related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy.

14)     Quicklook has submitted to the Court's jurisdiction by initiating and continuing to prosecute this action and by virtue of the facts and circumstances set forth herein. This Court has personal jurisdiction over Defendant O'Neal because, upon information and belief, O'Neal resides within the State of Florida, and, therefore, within this judicial district.

15)     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the Defendants reside within this judicial district and a substantial portion of the acts and omissions

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

giving rise to the claims set forth herein occurring within this judicial district and because Quicklook has submitted to venue in this Court with regards to these counterclaims by initiating and continuing to prosecute this action.

16)      An actual, live, and justiciable controversy exists between QuickLook and Nappi as to whether Nappi is a co-author in the asserted copyrights.

## General Allegations

### O'Neal's Agreement to Share Profits with Nappi From the Computer Programs

17)      The two computer programs referenced as the "Joint Works" herein were co-authored and co-created by Nappi during the time when Nappi jointly worked as a computer programmer as part of a four-person development team.

18)      In on or around September of 2019, Nappi was approached by O'Neal to join a team of computer developers. The purpose of the team was to create computer programs together where the team would share in all profits arising from the projects the team created.

19)      As a condition of Nappi joining the team, O'Neal did not pay any money to Nappi for the time and work that Nappi would provide. Instead, in exchange for Nappi providing unpaid computer programming services, O'Neal promised that Nappi would receive an equal share of proceeds arising from the projects that the team created (the "Agreement").

20)      Trusting O'Neal and his promise, Nappi agreed to join the team as an independent contractor.

21)      In addition to Nappi and O'Neal, the team of computer programmers also comprised of Stuart Jacobs and Khalil Ayvar (the "Dev Team Members").

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

22)     As such, within the meaning of the Copyright Act, at no time did Nappi have a work made for hire agreement with O'Neal or any other person or entity with respect to the projects created by the computer programing team.

23)     In fact, Nappi did not have any written agreement with any person or entity that would have assigned or transferred Nappi's intellectual property rights in the projects Nappi co-authored and co-created pursuant to the Agreement.

24)     Nappi's work on the projects pursuant to the Agreement was done outside of any employment or contractual duties.

### The Joint Works Co-Authored by Nappi Pursuant to the Agreement

25)     In furtherance of the Agreement, in or about September 2019, Nappi began meeting with the other Dev Team Members to begin collaborating on the projects that the team would create together.

26)     During Nappi's time working with the team of computer developers in furtherance of the Agreement, Nappi co-authored two computer programs, each computer program being fixed in tangible form through the collective efforts of the team members. During the course of working together, the four-person team intended that their works be merged together into each of the two separate computer programs (the "Joint Works").

27)     In or around September of 2019, the team began working on their first Joint Work together.  Nappi's work for this first Joint Work included co-authoring the computer program tentatively titled as *Ascente*.  *Ascente* included the source code authored by Nappi and the source code authored by the remaining Dev Team Members, which the team intended to merge together as a single program.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

28) Thereafter, and through December of 2020, Nappi and the team continued to jointly work together on the *Ascente* computer program to enhance and revise the computer program, which finally became titled as the *QuickLook* computer program.

29) *QuickLook* is a joint work, including the source code co-authored by Nappi, and the source code co-authored by the other Dev Team Members, which was merged together by the team as a single program and fixed in a tangible form in or about December of 2020.

30) *Quicklook* is the First Appropriated Program by Defendant Quicklook in its Complaint. *See* Ex. A, at ¶ 18.

31) In or around September of 2019, Nappi and the Dev Team Members jointly worked on another computer program together: *UQvideo*. *UQvideo* is a joint work, including the source code co-authored by Nappi, and the source code co-authored by the other Dev Team Members, which was merged together by the team as a single program and which was fixed in a tangible form in or about December of 2020.

32) *UQvideo* is the Second Appropriated Program by Defendant Quicklook in its Complaint. *See* Ex. A, at ¶¶ 16-17.

33) After Nappi and the Dev Team Members finished the *UQvideo* computer program, Nappi and the Dev Team Members began to work on their next computer program together: *Our Virtual Office*.

34) Indeed, pursuant to the Agreement, between January of 2021 through at least May of 2021, Nappi continued to work with the Dev Team Members to create and develop the computer program titled *Our Virtual Office.*

35) Nappi's work and development of *Our Virtual Office* included attending extensive team meetings to review and test the *Our Virtual Office* program. Further, Nappi tested the

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

program for bugs and continued to work with the Dev Team Members to revise and enhance the source code for *Our Virtual Office. Our Virtual Office* was fixed in a tangible form in or about May of 2021.

36)     However, in May of 2021, Nappi had reason to suspect that O'Neal was secretly attempting to oust Nappi from the team without compensating Nappi per the Agreement.

37)     On September 10, 2021, Nappi sent a letter to O'Neal by certified mail, which acceptance was refused. On October 3, 2021, Nappi repeat sent the contents of the letter to O'Neal by text message and e-mail.  Nappi sent a letter inquiring and attempting to resolve the dispute regarding non-payment for Nappi's services under the Agreement. A copy of Nappi's letter to O'Neal is attached hereto as **Exhibit B**.

38)     Rather than O'Neal, QuickLook responded to Nappi's letter, claiming it is the owner of the Appropriated Computer Programs. A copy of Nappi's letter to O'Neal is attached hereto as **Exhibit C**.

39)     On information and belief, and unbeknownst to Nappi, O'Neal incorporated Defendant Quicklook and purported to exclusively assign or transfer to Quicklook the copyrights in the Appropriated Computer Programs.

40)     Rather than attempting to resolve the issue of non-payment, on November 5, 2021, O'Neal, through Quicklook, expressly repudiated Nappi's ownership in each of the Joint Works by the allegations contained in the Complaint. *See* Ex. A, at ¶¶ 17, 18.

41)     Further, despite the Agreement where Nappi was promised an equal share of the proceeds from all computer programs the team created, O'Neal has refused to compensate Nappi an equal share of the proceeds arising from *Our Virtual Office.*

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

42)     The Joint Works are each co-authored and co-owned by Nappi. Nappi has never assigned his copyright ownership in any of the Joint Works to anyone.

43)     All conditions precedent to bringing this Counterclaim and Third-Party Complaint have occurred, been waived or have been satisfied.

## COUNT I
### (Declaration of Co-Authorship Under the Copyright Act)

44)     Nappi incorporates Paragraphs 1 through 43, as set forth herein.

45)     Nappi, O'Neal, and the remaining Dev Team Members jointly co-authored the Joint Works, including the First Appropriated Program, as equal participants.

46)     When creating and authoring the First Appropriated Program, Nappi, O'Neal and the remaining Dev Team Members intended that their separate copyright contributions to the First Appropriated Program be merged into inseparable and interdependent parts of a unitary whole.

47)     Nappi made a separate contribution of copyrightable material to the First Appropriated Program, each time intending that Nappi's contributions be merged with the Dev Team Members' contributions into inseparable and interdependent parts of the whole First Appropriated Program.

48)     The First Appropriated Program is a joint work, incorporating the work authored by Nappi and the Dev Team Members as a complete work. For the First Appropriated Program, Nappi is a co-author and co-owner of the copyrighted work as provided for by the Copyright Act, 17 U.S.C. § 101, et. seq.

49)     O'Neal and Quicklook's express repudiation of Nappi's co-ownership in the First Appropriated Program is in direct conflict with Nappi's ownership rights.

50)     By virtue of the foregoing, an actual and justiciable controversy exists between Nappi and the Defendants with respect to whether Nappi is a co-author of the First Appropriated

Program.

51)     Accordingly, Nappi is entitled to a declaration that he is a co-author of First Appropriated Program, and a co-owner of the copyright to the First Appropriated Program.

<u>**COUNT II**</u>
**(Declaration of Co-Authorship Under the Copyright Act)**

52)     Nappi incorporates Paragraphs 1 through 43, as set forth herein.

53)     Nappi, O'Neal, and the remaining Dev Team Members jointly co-authored the Joint Works, including the Second Appropriated Program, as equal participants.

54)     When creating and authoring the Second Appropriated Program, Nappi, O'Neal and the remaining Dev Team Members intended that their separate copyright contributions to the Second Appropriated Program be merged into inseparable and interdependent parts of a unitary whole.

55)     Nappi made a separate contribution of copyrightable material to the Second Appropriated Program, each time intending that Nappi's contributions be merged with the Dev Team Members' contributions into inseparable and interdependent parts of the whole Second Appropriated Program.

56)     The Second Appropriated Program is a joint work, incorporating the work authored by Nappi and the Dev Team Members as a complete work. For the Second Appropriated Program, Nappi is a co-author and co-owner of the copyrighted work as provided for by the Copyright Act, 17 U.S.C. § 101, et. seq.

57)     O'Neal and Quicklook's express repudiation of Nappi's co-ownership in the Second Appropriated Program is in direct conflict with Nappi's ownership rights.

58)     By virtue of the foregoing, an actual and justiciable controversy exists between Nappi and the Defendants with respect to whether Nappi is a co-author of the Second Appropriated

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Program.

59)     Accordingly, Nappi is entitled to a declaration that he is a co-author of Second Appropriated Program, and a co-owner of the copyright to the Second Appropriated Program.

**COUNT III**
**(Declaration Invalidating Any Transfers or Exclusive Licenses Under the Copyright Act)**

60)     Nappi incorporates Paragraphs 1 through 43, as set forth herein.

61)     On information and belief, O'Neal has granted Quicklook or attempted to grant Quicklook exclusive licenses and/or transfers of the copyright to the First Appropriated Program.

62)     Quicklook claims it owns all right, title and interest to the First Appropriated Program.

63)     However, a co-owner of the copyright may not limit the other co-owners' independent rights to exploit the copyright.

64)     By virtue of the foregoing, an actual and justiciable controversy exists between Quicklook and Nappi with respect to whether O'Neal lawfully conveyed to Quicklook exclusively all right, title, and interest to the First Appropriated Program.

65)     Nappi requests a declaration of the rights and other legal relations of Nappi as an interested party, namely that all transfers and exclusive licenses of the copyright in and to the First Appropriated Program by O'Neal are null and void.

**COUNT IV**
**(Declaration Invalidating Any Transfers or Exclusive Licenses Under the Copyright Act)**

66)     Nappi incorporates Paragraphs 1 through 43, as set forth herein.

67)     On information and belief, O'Neal has granted QuickLook or attempted to grant QuickLook exclusive licenses and/or transfers of the copyright to the Second Appropriated

21

**COLE, SCOTT & KISSANE, P.A.**

Program.

68)     QuickLook claims it is the owns all right, title and interest to the Second Appropriated Program.

69)     However, a co-owner of the copyright may not limit the other co-owners' independent rights to exploit the copyright.

70)     By virtue of the foregoing, an actual and justiciable controversy exists between Quicklook and Nappi with respect to whether O'Neal lawfully conveyed to Quicklook exclusively all right, title, and interest to the Second Appropriated Program.

71)     Nappi requests a declaration of the rights and other legal relations of Nappi as an interested party, namely that all transfers and exclusive licenses of the copyright in and to the Second Appropriated Program by O'Neal are null and void.

### COUNT V
### Unjust Enrichment

1)     Nappi incorporates Paragraphs 1 through 43 as if fully set forth herein.

2)     Nappi has conferred a benefit on Quicklook and O'Neal by providing computer programming services to them.

3)     Quicklook and O'Neal had knowledge of the benefit.

4)     Quicklook and O'Neal accepted and retained the benefits conferred by Nappi.

5)     Quicklook and O'Neal have failed to pay Nappi for the value of the above-referenced benefit.

6)     The circumstances dictate that it would be inequitable for Quicklook and O'Neal to retain the benefit of computer programming services without paying the fair value for Nappi's services.

7)     Nappi has suffered actual damages as a direct and proximate result of such wrongful

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

actions by Quicklook and O'Neal.

## **PRAYER FOR RELIEF**

WHEREFORE, Nappi respectfully request that this Court grant the following relief:

a.      Declare that Nappi is a co-author of each and every one of the Joint Works and a co-owner of the copyright in each and every one of the Joint Works;

b.      Declare that Nappi is entitled to a royalty arising from the use of each and every one of the Joint Works;

c.      Order an accounting of all profits derived from or otherwise attributable to the use, sale, or exploitation of each and every one of the Joint Works, and thus an award to Nappi of 25% in such profits;

d.      Declare that all copyright transfers and exclusive licenses for each any every one of the Joint Works are null and void

e.      Award for attorney fees and costs of this suit;

f.      An award of damages, costs, and expenses, including without limitation, compensatory and restitution damages for the services and labor provided by Nappi, and

g.      For such other and further relief as the Court deems appropriate.

*Intentionally Left Blank*

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

## **DEMAND FOR JURY TRIAL**

Glenn A. Nappi pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands a trial by jury on all issues so triable.


Dated: January 14, 2022                   Respectfully Submitted,

**Cole, Scott & Kissane, P.A.**
*Counsel for Glenn A. Nappi*
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (786) 268-6415
Facsimile (305) 373-2294
Primary e-mail: cody.german@csklegal.com
Secondary e-mail: justin.maya@csklegal.com
Alternative e-mail: ellize.wizzard@csklegal.com

*s/   Cody German*_____
CODY GERMAN
Florida Bar No.:  58654
JUSTIN S. MAYA
Florida Bar No.:  126087

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 14th day of January, 2021, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.


*s/ Cody German* _____
CODY GERMAN
Florida Bar No.:  58654

0694.0006-00/19816757

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX