

**EXHIBIT C**



**RUBIN & RUBIN**
TRIAL LAWYERS

rubinandrubin.com

November 9, 2021

*Via email and FedEx*
Mr. Glenn Nappi
6045 Winding Brooke Way
Delray Beach, FL 33484
Glenn3264@comcast.net

Re:   *QuickLook, Inc. v. Glenn A. Nappi*

Mr. Nappi:

We represent QuickLook, Inc. and O'Neal Enterprise International, Inc. in connection with their claims against you for violation of the Florida Uniform Trade Secrets Act (Fla Stat. Ch. 688.001), the Defend Trade Secrets Act (18 U.S.C. 1832), the Computer Fraud and Abuse Act (18 U.S.C. 1030), and Florida's Computer Abuse and Data Recovery Act (Fla. Stat. Ch. 688.801). We have filed the attached complaint against you in the United States District Court for the Southern District of Florida.

As you know, QuickLook, Inc. is the owner of the Our Virtual Office$^{SM}$ software application, which is an extremely valuable trade secret, copyright protected computer program which you had no role in creating. However, as you admit in your text message to Dan O'Neal on October 3, 2021, you have made a copy of the OVO Program(s), or portions thereof, in an effort to extort money from Mr. O'Neal and QuickLook, Inc. As you also know, you installed a back door to permit you to secretly access the OVO Admin Programs and other programs of QuickLook, Inc. via the server, and Mr. O'Neal after your relationship with QuickLook, Inc. ended. Such acts constitute violations of the above-referenced state and federal statutes, and provide our clients with monetary damage remedies against you, as well as injunctive remedies, which our clients intend to pursue to the fullest extent permitted by law.

Please let this letter serve as notice to you to suspend any and all document deletion policies which you may have in effect, as well as to retain all documents and computers, Including hand held devices, mobile phones, etc., which may contain any evidence relevant to this matter. Your failure to do so may amount to criminal spoliation of evidence. We also demand that you produce all computing devices in your possession, custody or control which may contain any evidence relevant to this matter for forensic examination.

Please advise if you will accept service of the complaint, or whether we will be required to pay a process server, which expense we will ask the court to assess against you. We urge you to retain

November 9, 2021
Page 2 of 2

legal counsel and respond to us within ten (10) days of the date of this letter, and we remind you of the urgency that you retain the records and devices referenced above.

GOVERN YOURSELF ACCORDINGLY!!

**Kevin Crosby, Esq.**

*Kevin Crosby*

Rubin & Rubin, Attorneys and Counselors
2055 S. Kanner Highway
Stuart, FL 34994
(772) 283-2004 Main Office Line
(954) 593-0101 Mobile
kcrosby@rubinandrubin.com
*Florida Bar Board Certified in Intellectual Property Law*